UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHENG and JANET CHENG,<br><br>Appellants,<br><br>v.<br><br>ARTHUR OSTERBACK, et al.<br><br>Appellees. | No. 2:15-cv-01617-TLN<br><br>**ORDER DISMISSING APPEALLANTS' BANKRUPTCY APPEAL** |

    This matter is before the Court pursuant to Appellants William and Janet Cheng's bankruptcy appeal. (ECF No. 1.) The Notice of Appeal in this case was filed on July 28, 2015. (ECF No. 1.) Pursuant to Federal Rule of Bankruptcy Procedure 8006 and 8007, Appellants were required to file within fourteen (14) days their designation of record, statement of issues on appeal, and a notice regarding the ordering of transcripts with the bankruptcy court. (ECF No. 2.) Appellant moved for an extension of time twice, and this Court granted both extensions, however, the Court admonished Appellant that no further extensions would be granted. (*See* Min. Orders ECF No. 4, 9.) Even after extending the deadlines, Appellants failed to timely file the necessary documents, and this Court was forced to issue Orders to Show Cause on two different occasions in order to compel Appellants' cooperation. (*See* Orders to Show Cause, ECF No. 13, 16.) Appellants finally filed the necessary documentation and were issued a certificate of record on January 11, 2016, almost six months past the original deadline. (ECF No. 20.) In an effort to

1    provide Appellants with a decision on the merits, this Court deemed such documents timely.

2    However, the Court warned Appellants that it would not continue to accept late filings. On

3    February 2, 2016, Appellants again petitioned this Court for an extension to file their opening

4    brief. (ECF No. 21.) The Court denied the request and reiterated that the brief was due on or

5    before February 4, 2016 and further warned Appellants that failure to timely file their opening

6    brief would result in dismissal of their appeal.

7    Appellants failed to meet the Court's deadline. Instead, Appellants filed their brief on

8    February 8, 2016. The time for compliance has come and gone, and this Court will not accept

9    Appellants' late filing. However, even in the event that the Court would deem Appellant's brief

10   timely, this appeal would be denied as moot.

11   On February 19, 2016, the Court was informed by Geoffrey Richard, the former Chapter 7

12   Trustee in Appellants' bankruptcy case, that the entire bankruptcy estate has been administered

13   and that Mr. Richards has been discharged as the Trustee in this case as there is no longer a

14   bankruptcy estate. (*See* ECF No. 24; *see also* Bankruptcy Court Dkt. No. 878.)

15   The general test for mootness of an appeal is whether the appellate court can fashion

16   effective relief under the current facts and circumstances. In other words, a case is not moot if the

17   appellate court can give appellant any effective relief in the event that the matter is decided on the

18   merits in appellant's favor. *Matter of Thorpe Insulation Co.*, 677 F3d 869, 880 (9th Cir. 2012).

19   Although the Ninth Circuit has not expressly articulated a comprehensive test, it has extrapolated

20   that its "precedents have looked at whether a stay was sought, whether the plan has been

21   substantially consummated, whether third party rights have intervened, and, if so, whether any

22   relief can be provided practically and equitably." *In re Thorpe Insulation Co.*, 677 F.3d 869,

23   880–81 (9th Cir. 2012).

24   In the instant action, there is no proof that Appellants sought a stay, nor have Appellants

25   alleged as much. Furthermore, the bankruptcy estate has been administered and the trustee

26   discharged. Appellants' failure to procure a stay and this Court's inability to award relief due to

27   the discharge of the estate all weigh in favor of finding that Appellant's appeal is moot. *See*

28   *Baker & Drake*, 35 F.3d at 1351 (1994) ("moot if a party opposing a reorganization plan has

1 failed to obtain a stay pending appeal, and the plan has been carried out to 'substantial
2 [culmination].'"); *In re Roberts Farms, Inc.*, 652 F.2d at 797–98 (1981) (moot if plan has been so
3 far implemented that impossible to fashion effective relief or where party challenging plan fails to
4 use due diligence to seek a stay); *In re Spirtos*, 992 F.2d at 1006 (1993) (moot if no stay and
5 rights of third parties have intervened, but not if able to fashion relief that is both effective and
6 equitable). As such, even had Appellants timely filed their briefing, the Court finds that the
7 appeal is moot.

   For the foregoing reasons, the Court DISMISSES Appellants' appeal for failure to adhere to this Court's scheduling order and as MOOT.

   IT IS SO ORDERED.

Dated: March 9, 2016

Troy L. Nunley
United States District Judge